IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JARVIS DUGAS, § | | |
| TDCJ # 01386881, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | CIVIL ACTION NO. 4:19-3877 | |
| § | | |
| TRAVIS SCOTT, *et al.*, § | | |
| § | | |
| Defendants. § | | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Jarvis Dugas, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), brought this lawsuit alleging violations of his civil rights. On December 13, 2019, after screening the pleadings as required by the Prisoner Litigation Reform Act, this Court dismissed the complaint *sua sponte* and entered final judgment for Defendants (Dkt. 6, Dkt. 7). *See* 28 U.S.C. § 1915(e)(2)(B). On January 7, 2020, Dugas executed a document objecting to the Court's order (Dkt. 8), which the Court construes as a timely motion under Federal Rule of Civil Procedure 59(e) to alter or amend this Court's judgment.

Rule 59(e) serves the narrow purpose of allowing a party to bring errors of newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). A motion for reconsideration under Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.

2004). However, a Rule 59(e) motion challenging a judgment entered on the pleadings is informed by the standard applicable to motions for leave to amend brought under Federal Rule of Civil Procedure 15(a). *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003). Under Rule 15(a), leave should be freely given, but it may be denied based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of the amendment." *Id*. at 864 (internal citation, quotation marks, and alteration omitted).

The Court's previous opinion addressed Dugas' claims regarding negligence and violations of his Eighth Amendment rights by Travis Scott, Drake, and recording company executives. After careful examination and consideration of the relevant authorities, the Court dismissed Dugas' claims because they were frivolous and failed to state a claim upon which relief could be granted under 42 U.S.C. § 1983 (Dkt. 7). Dugas' current motion does not warrant relief under Rule 59(e) because it raises arguments that he made, or could have made, in his prior filings. *See Templet*, 367 F.3d at 479 (a motion for reconsideration is not the proper vehicle to make arguments that could have been raised previously). Moreover, none of the grounds asserted in Plaintiff's current motion would alter the Court's ruling that dismissal of his claims was warranted because, even considering the allegations in the current motion, Dugas has failed to plead the essential elements of his negligence or Eighth Amendment claims. To the extent his current motion could be construed as a motion for leave to amend his pleadings, the motion would be denied because the amendment would be futile. *See Rosenzweig*, 332

F.3d at 864-65. The Court is satisfied, after careful review of Dugas' objections, that he has pleaded his best case.

Dugas' request for relief under Rule 59(e) (Dkt. 8) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED this day 6th day of February, 2020.

_____
George C. Hanks Jr.
United States District Judge